ROTHENBERG, Judge.
James W. Pierre appeals an “Order Establishing and Probating Lost or Destroyed Will and Appointing Personal Representative.”
Upon the death of Dieudonne Pierre, the deceased’s original will could not be located, however, a copy of the will was found. A petition to establish and probate a lost or destroyed will and to appoint a personal representative was filed in the circuit court. After conducting an evidentiary hearing, the circuit court granted the petition, finding that, while the original will could not be located, thereby creating a presumption that the deceased destroyed the will with the intent to revoke it, the presumption was overcome by the evidence presented at the hearing. As the record contains competent substantial evidence which supports the trial court’s determination that the presumption of revocation was overcome, we affirm.
In the instant case, Sophia Masere, the daughter of Ms. Pierre, the deceased, who had been living with her mother when she died, testified that she had seen the original will a couple of years prior to her mother’s death; that after her mother’s death, her brother, the appellant, came to the house, went to the closet where her mother kept all of her important papers, and took two folders; and that the appellant only returned one of the folders which contained insurance documents. Sharon Brown, the deceased’s attorney and personal friend, testified that she handled the closing on the home where the decedent was living at the time of her death, as well as other legal issues for Ms. Pierre, including the drafting of Ms. Pierre’s will in 1995, as well as the 1998 will, which is the *1254 will in question in these proceedings. Ms. Brown stated that, when Ms. Pierre wished to change her will in 1998, she brought the 1995 will with her so that it could be destroyed. Dr. Masere, the deceased’s stepson and personal representative of the deceased’s estate, testified that Ms. Pierre sent him a copy of the 1998 will appointing him as personal representative and that she had never sent him anything indicating that she intended to revoke the 1998 will. The appellant, Mr. Pierre, who “lost contact” with his mother for ten years prior to her death, but was with her for a period of time during her hospitalization just prior to her death, admitted to taking two folders from his mother’s closet after her death, but denied taking her will. It was undisputed that, while his mother was in the hospital, he obtained possession of his mother’s purse, checkbook, and title for her car, and while he drove the car, he failed to make any of the outstanding payments to the lender.
When a person who executes a will dies and the will cannot be located, a rebuttable presumption arises that he or she destroyed the will with an intent to revoke it. See In re Estate of Hatten, 880 So.2d 1271, 1274 (Fla. 3d DCA 2004)(stat-ing that when a decedent who has made a will dies, and the will cannot be found among the decedent’s personal papers or in other logical locations, a rebuttable presumption arises that the decedent herself destroyed the will with the intent to revoke it). The presumption may, however, be rebutted with competent substantial evidence that the interested party had access to the testatrix’s home, an opportunity to destroy the will, and a pecuniary interest in doing so. See Walton v. Estate of Walton, 601 So.2d 1266, 1267 (Fla. 3d DCA 1992)(explaining that the presumption that a decedent destroyed her will with the intention of revoking it may be overcome by competent and substantial evidence, and that “the existence of persons with an adverse interest in destroying a will who have an opportunity to do so, may serve to rebut the presumption that the will has been revoked”).
As we conclude that there is competent substantial record evidence to support the trial court’s finding that the presumption of revocation was overcome, we affirm.
Affirmed.